IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-30502 |
| | § | |
| RHEA RADFORD | § | |
| | § | |
|   Debtor | § | |
| | § | CHAPTER 13 |

### EMERGENCY MOTION FOR CONTINUATION OF THE AUTOMATIC STAY

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

1. This motion requests an order from the Bankruptcy Court authorizing the continuation of the automatic stay pursuant to 11 U.S.C. §362(c)(3)(B).

2. Debtor, **RHEA RADFORD,** who was represented by Aaron W. McCardell Sr., filed a prior case #22-33652 on 12/06/2022, which was dismissed on 04/18/2023, and the latest filed plan and schedules reflected the following:

    a) Combined monthly gross income of $3,600.00.

    b) Combined monthly expenses of $1,799.00.

- c) Chapter 13 plan payment in the amount of $1,800.00 with a 0% dividend to the general unsecured class of creditors.
- d) A total of $7,200.00 was paid into the chapter 13 trustee.
- e) The following motions for relief from stay were either pending or had been resolved by terminating, conditioning, or limiting the stay: None.
- f) The case was dismissed for the following:
    a. Failure to provide for priority and unsecured claims in Chapter 13 Plan
    b. Failure to File 2020 and 2021 Tax Returns
    c. Failure to provide business budget
    d. Failure to file ACH or EFT Order

3. Debtor's current case was filed on 02/05/2024, which is within a 1-year period of the prior case being dismissed, and in which the latest filed plan and/or schedules reflect the following:

- a) combined monthly gross income of $2,910.00.
- b) combined monthly expenses of $1,225.00.
- c) chapter 13 plan payment in the amount of $1,685.00 with a 100% dividend to the general unsecured class of creditors over the life of the plan.
- d) filed a Wage Order or EFT on February 19, 2024.

5) Describe any substantial change in the financial or personal affairs of the debtor since the dismissal of the Debtor's most recent case: Since the dismissal of the last case, the debtor's dental license expired due to lack of renewal. Debtor has since been working to get her license in good standing; however, debtor has also been dealing with bouts of depression which has compounded issues in getting her license back. Debtor's parents have since been providing her financial assistance with her monthly obligations until debtor is able to utilize her dental license. Debtor anticipates her license should be in good standing within 3-6 months, which will allow her to pay her creditors in full throughout her chapter 13 plan. Also, debtor has explored the option of selling her home. If necessity demands, debtor will exercise her option to sell her home within her chapter 13 plan. Additionally, Debtor has filed her 2020 and 2021 tax returns with the Internal Revenue Service.

## **EMERGENCY CONSIDERATION**

Debtor requests the Court consider the relief on an emergency basis because Debtor's current case was filed within a 1-year period prior to her previous case and Debtor is in need of the protection of the stay during the pendency of the life her Chapter 13 Plan. Debtor's current case was filed on February 5, 2024, with an automatic stay effective for 30 days. Debtor is in need of emergency consideration and relief by March 6, 2024. If Debtor is not afforded the requested relief, the stay will no longer be in effect for the remainder of Debtor's case. Debtor will not have the protection granted to her under the Code.

The undersigned have reviewed the foregoing and acknowledge that the matters raised are true and correct.

DATE: February 19, 2024								*/s/ Rhea Radford*
Rhea Radford

Respectfully submitted,
**THE MCCARDELL LAW FIRM, PLLC.**
By: */s/ Aaron W. McCardell Sr.*
Aaron W. McCardell Sr.
TX Bar No. 24120996
440 Louisiana Street, Ste. 1575
Houston, TX 77002
713-236-8736
713-236-8990 (Fax)
amccardell@mccardelllaw.com

## Certificate of Service and Certificate of Compliance with BLR 4001

A copy of this motion was served on the persons shown on the attached creditor list on February 19, 2024, by prepaid United States first class mail or served through the Court's electronic noticing system.

								*/s/ Aaron W. McCardell Sr.*
								Aaron W. McCardell Sr.